UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO. 5:11-cr-18-JA-PRL

JOSE DELACRUZ

## ORDER

Before the Court is Defendant Jose Delacruz's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. (Doc. 73). The Government filed a response in opposition to the motion (Doc. 75). Based on the Court's review of the parties' submissions, the motion (Doc. 73) is denied.

I.   BACKGROUND

On July 25, 2011, Delacruz pleaded guilty to one count of possession with intent to distribute 50 or more grams of methamphetamine under 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). (Doc. 24). On October 7, 2011, the Court sentenced Delacruz to a 210-month term of imprisonment. (Doc. 27; Doc. 28). A 210-month term of imprisonment was a bottom-of-the-guideline sentence for Delacruz, who, at sentencing, had a total offense level of 35 and a criminal history category of

III—resulting in a guideline range of 210 to 262 months of imprisonment. (Doc. 69 at 2).

After Delacruz's sentencing, in 2023, Amendment 821 to the Sentencing Guidelines became effective. *See* U.S. Sent'g Comm'n, *Adopted Amendments (Effective November 1, 2023)*, Amend. 821. Amendment 821 applies to certain zero-point offenders and limits the use of status points. *See United States v. Arroyo-Mata*, 730 F. Supp. 3d 1323, 1323 (N.D. Ga. 2024) (stating that Amendment 821 "provides a two-offense level reduction for defendants with zero criminal history points"); *see also United States v. Vente-Orobio*, No. 19-20042-CR, 2024 WL 1016110, at *2 (S.D. Fla. Mar. 8, 2024).

## II. LEGAL STANDARDS

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010); *see also* 18 U.S.C. § 3582(c) (providing that once a term of imprisonment has been imposed, "[t]he court may not modify" it except for limited enumerated reasons). Under § 3582(c)(2), if a defendant was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission, the Court may reduce the term of imprisonment. 18 U.S.C. § 3582(c)(2). However, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* And the Court must consider the 18 U.S.C. "§ 3553(a) factors

2

to the extent that they are applicable." *Id.* The defendant has "the burden of proving entitlement to relief under section 3582." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (per curiam) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

### III. DISCUSSION

The Government concedes that Delacruz is eligible for a 22-month sentence reduction under Amendment 821. Under the amendment, his criminal history category is reduced from III to II, and with his offense level of 35, he has "an amended guideline range of 188 to 235 months" imprisonment. (Doc. 75 at 2).

However, even though Delacruz is eligible under Amendment 821, a sentence reduction is unwarranted because the 18 U.S.C. § 3553(a) factors weigh against a sentence reduction. The nature and characteristics of the offense and Delacruz's history and characteristics weigh against a sentence reduction. § 3553(a)(1). The instant offense arose when Delacruz was pulled over while driving his girlfriend and their five children in a car, and law enforcement officers discovered about 8.5 pounds of the "purest form of methamphetamine" in the car. (Doc. 69 at 13). A sentence reduction would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. And a sentence reduction would not sufficiently protect the public from further crimes of Delacruz, who has had twenty-one

3

disciplinary violations since his incarceration, (Doc. 77 at 2), including using methamphetamine in August of 2025. Thus, the § 3553(a) factors weigh against a sentence reduction.

## IV. CONCLUSION

Accordingly, Delacruz's motion for a sentence reduction (Doc. 73) is **DENIED**.

**DONE** and **ORDERED** on October 1st, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
Jose Delacruz

4